1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**James C. Mahan**
**U.S. District Judge**

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

THOMAS KNICKMEYER,

        Plaintiff(s),

v.

STATE OF NEVADA ex rel. EITHER JUDICIAL DISTRICT COURT,

        Defendant(s).

2:14-CV-231 JCM (PAL)

**ORDER**

    Presently before the court is defendant's motion to dismiss. (Doc. # 7). Plaintiff has filed a response (doc. # 12) and defendant has filed a reply (doc. # 13).

    Plaintiff Thomas Knickmeyer was formerly employed by the Nevada Eighth Judicial District Court as a bailiff and administrative court marshal. Plaintiff alleges that he was discriminated against and wrongfully discharged in November 2013. The complaint contains claims for relief for: (1) violations of Title VII of the Civil Rights Act of 1964 and corresponding state law; (2) negligent supervision; (3) wrongful termination; and (4) retaliation. (Compl., doc. # 1).

    On March 25, 2014, defendant State of Nevada ex rel. Eighth Judicial District Court ("defendant") filed a motion for partial dismissal seeking to dismiss the claims for relief grounded in state law. (Doc. # 7).

. . .

. . .

> In response, plaintiff filed the following limited opposition:
>
> The Plaintiff consents to the Defendant's motion as follows:
>
> 1. Plaintiff agrees to the dismissal with prejudice of his Second Cause of Action for Negligent Supervision.
>
> 2. Plaintiff agrees to the dismissal without prejudice of his Third Cause of Action for Wrongful Termination and his Fourth Cause of Action for Retaliation.
>
> Based on the foregoing, the Plaintiff's First Cause of Action for Violations of Title VII of the Civil Rights Act of 1964 and Nevada law shall be the only remaining cause of action in the above-entitled matter.

(Doc. # 12).

Relying on Local Rule 7-2, defendant asserts that plaintiff's failure to file points and authorities in response constitutes consent to granting defendant's motion in its entirety, which would result in the dismissal of all state law claims (including those embedded in claim one) with prejudice. (Reply in support, doc. # 13).

Local Rule 7-2(d) instructs that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." However, the Ninth Circuit has directed the courts to first weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (internal citation omitted).

In light of the *Ghazali* factors and plaintiff's limited opposition, the court finds the following action to be appropriate: the second cause of action for negligent supervision will be dismissed with prejudice, and the third and fourth for wrongful termination and retaliation are dismissed without prejudice. The issue of whether immunities provided by state law are applicable to these state law claims is best reserved for the state court.

With respect to the first claim for relief, the complaint generally states only that defendant's conduct constituted violations of "42 U.S.C. Section 2000 *et seq.*, Title VII of the Civil Rights Act

James C. Mahan
U.S. District Judge

- 2 -

1  of 1964 as amended and Nevada state law." (Compl., doc. # 1, p. 3).  It is unclear what Nevada state
2  law(s) plaintiff is complaining of in his first claim which would be separate and distinct from those
3  already alleged in the second, third, and fourth claims.

4    In light of the complaint's failure to specify which "Nevada state law(s)" are allegedly
5  violated in count one, plaintiff's failure to file points and authorities as required by LR 7-2(d), and
6  in consideration of the *Ghazali* factors, the court dismisses any state law claims contained in the first
7  claim for relief, to the extent any are plead.

8    In summary, plaintiff's second claim for relief is dismissed with prejudice.  The third and
9  fourth claims are dismissed without prejudice.  To the extent any state law violations are asserted
10 in the first claim, those are likewise dismissed without prejudice.  As a result, only the portion of the
11 first claim alleging violations of Title VII remains.

12   Accordingly,

13   IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to
14 dismiss (doc. # 7) be, and the same hereby is, GRANTED in part and DENIED in part, consistent
15 with the foregoing.

16   DATED May 13, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -