UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THOMAS KNICKMEYER,<br><br>                           Plaintiff(s),<br><br>         v.<br><br>STATE OF NEVADA *ex rel* EIGHTH JUDICIAL DISTRICT COURT, et al.,<br><br>                           Defendant(s). | Case No. 2:14-CV-231 JCM (PAL)<br><br>ORDER |

Presently before the court is defendant State of Nevada *ex rel.* Eighth Judicial District Court's ("EJDC") motion for fees and costs. (ECF No. 62). Plaintiff Thomas Knickmeyer filed a response (ECF No. 64), and defendant filed a reply (ECF No. 65).

**I.     Introduction**

On February 13, 2014, plaintiff filed a complaint in this court, alleging violations of Title VII of the Civil Rights Act of 1964 and Nevada law, negligent supervision, wrongful termination, and retaliation. (ECF No. 1). This court later dismissed the negligent supervision claim with prejudice and dismissed the wrongful termination and retaliation claims without prejudice. (ECF No. 21). Because plaintiff failed to specify which Nevada laws had allegedly been violated, any applicable "Nevada law" portion of the first claim was also dismissed without prejudice. (*Id.*).

On March 24, 2016, this court granted defendant's motion for summary judgment. (ECF No. 55). In the order granting that motion, this court stated, *inter alia*, that "defendant has demonstrated that Knickmeyer has failed to present evidence sufficient to show that he suffered from pervasively hostile discriminatory conduct . . . [i]n fact, the evidence suggests that Mr. Knickmeyer may have instead himself contributed to a hostile environment for his coworkers." (*Id.* at 10). Additionally, plaintiff did not offer any substantive opposition to bolster his racial discrimination claim in the face of the defendant's motion for summary judgment. (*Id.*). Finally,

**James C. Mahan**
**U.S. District Judge**

this court held that plaintiff had failed to establish a necessary causal link between the EJDC's notice of termination of employment and plaintiff's Nevada Equal Rights Commission ("NERC") filing with respect to alleged charges of racial discrimination. (*Id.* at 11–13).

Final judgment in this case was entered on April 12, 2016. (ECF No. 57). Defendant filed the present, timely motion for attorney fees on April 26, 2016. (ECF No. 62); *see also* LR 54-14.

## II.     Legal Standard

A district court may award attorneys' fees and costs in favor of a prevailing defendant only in "exceptional circumstances" involving alleged claims under Title VII of the Civil Rights Act of 1964 that are "frivolous, unreasonable or without foundation." *See Harris v. Maricopa Cnty. Superior Court*, 631 F.3d 963, 968 (9th Cir. 2011) (quoting *Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir. 1990)); *see also* 42 U.S.C. § 2000e-5(k) ("In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs . . . ."). A defendant may only recover fees that are "attributable exclusively to plaintiff's frivolous claims." *Harris*, 631 F.3d at 968 (quoting *Tutor–Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1059 (9th Cir. 2006).

The claimant shoulders the burden of showing that attorney's fees are warranted. *Id.* (citing *Trs. of Dirs. Guild of Am.-Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 427 (9th Cir. 2000)). In a case where both frivolous and non-frivolous claims have been asserted, the claimant must indicate the portion of the fees and costs generated by resolving the frivolous claims. *Id.* at 972. When determining whether a claim was frivolous, "a district court must assess the claim at the time the complaint was filed, and must avoid *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Tutor-Saliba Corp.*, 452 F.3d at 1060 (internal quotation marks omitted) (citations omitted).

Reasonable attorneys' fees are based on the "lodestar" calculation set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The court must first determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Id.* "The district court . . . should exclude from this initial fee calculation hours that were 'not reasonably expended.'" *Id.* at 433–34. Thus, the "court has discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." *Edwards v. Nat'l*

U.S. District Judge

- 2 -

*Bus. Factors, Inc.*, 897 F. Supp. 458, 460–61 (D. Nev. 1995). After calculating the lodestar amount, the court can further adjust the lodestar calculation by considering the following factors:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *abrogated on other grounds by City of Burlington v. Dague*, 505 U.S. 557 (1992); *see also Stetson v. Grissom*, 821 F.3d 1157, 1166–67 (9th Cir. 2016).

Local Rule 54-14(b)(3) specifically identifies the information that a party must submit to a trial court in this district for its consideration of a motion for attorneys' fees. These thirteen items are as follows:

> (A) The results obtained and the amount involved; (B) The time and labor required; (C) The novelty and difficulty of the questions involved; (D) The skill requisite to perform the legal service properly; (E) The preclusion of other employment by the attorney due to acceptance of the case; (F) The customary fee; (G) Whether the fee is fixed or contingent; (H) The time limitations imposed by the client or the circumstances; (I) The experience, reputation, and ability of the attorney(s); (J) The undesirability of the case, if any; (K) The nature and length of the professional relationship with the client; (L) Awards in similar cases; and (M) Any other information the court may request.

LR 54-14(b)(3).

### III.   Discussion

Of particular importance to the court are the requirements of Local Rule 54-14(b)(3) because the items of information enumerated there assist the court's performance of its duty to calculate a reasonable fee rate. *See Hensley*, 461 U.S. at 433 (describing a district court's discretion when considering an award of attorneys' fees).

Here, the movant has failed to satisfy Local Rule 54-14(b)(3) because defendant's request for attorneys' fees insufficiently discusses the "[t]he customary fee" and "[a]wards in similar cases" prongs of that rule because defendant's offered case, *Mann v. Morgan Stanley Smith Barney, LLC*, 2016 WL 1254242 at *5 (D. Nev. March 28, 2016), is nearly devoid of factual similarity to the present case. LR 54-14(b)(3)(F), (L); *see Camacho v. Bridgeport Fin., Inc.*, 523

F.3d 973, 979 (9th Cir. 2008) ("[T]he established standard when determining a reasonable hourly rate is the "rate prevailing in the community for *similar work* performed by attorneys of comparable skill, experience, and reputation." (emphasis added) (quoting *Barjon v. Dalton*, 132 F.3d 496, 502 (9th Cir. 1997))).

Accordingly, the court needs additional information under Local Rule 54-14(b)(3) to fairly determine an appropriate fee in this case. *See Branch Banking & Trust Co. v. Pahrump 194, LLC*, No. 2:12-CV-1462-JCM-VCF, 2017 WL 536837, at *2 (D. Nev. Feb. 9, 2017) (discussing Local Rule 54-14(b)(3)).

Therefore, defendant's non-compliance with Local Rule 54-14(b)(3) impairs the court's performance of its obligation to scrutinize the attorney fees payable, if any.  Pursuant to Local Rule 54-14(d), plaintiff's motion for attorneys' fees will be denied.  Any future motion for attorneys' fees in this case should summarize Local Rule 54-14(b)(3)'s enumerated factors so as to be fully actionable by the court, in the interest of fairness and justice.

**IV.     Conclusion**

The present motion for attorneys' fees will be denied in its current form.  As the court seeks more information to conduct a proper analysis of the instant question, this denial will not be with prejudice.  Should defendant refile its motion, it must include the information discussed above.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the present motion for fees and costs (ECF No. 62) be, and the same hereby is, DENIED.

DATED March 9, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**